# *Ex parte* Green.

## *Petition for Mandamus.*

1. *Mandamus to court; vacation of order.*—Goods included in a general assignment having been levied upon and taken possession of by a constable under writs of attachment issued in favor of creditors of the assignor, the assignee filed a bill in equity, to which the constable was not made a party, to have the court take jurisdiction of his trust, under the general assignment, to cause the attached property to be restored to his possession as assignee, for the purposes of administration under the orders of the court, and to enjoin the prosecution of the attachment suits, etc.; and in this suit an *ex parte* order was made directing the said constable to turn over to the assignee all the property held by him by virtue of the levies of said attachments. *Held,* that the constable was entitled to the writ of mandamus to compel the vacation of the order requiring him to surrender the property to the assignee.

This was an original petition filed in this court by J. O. Green, a constable, for the writ of mandamus to compel the Hon. John W. Bishop, judge of the city court of Talladega, to vacate an order requiring petitioner to surrender property in his possession by virtue of writs of attachment. In the return of Judge Bishop to the rule *nisi* to show cause why the prayer of the petition should not be granted, he admitted the allegations of fact contained in the petition to be true, but denied the legal conclusions thereof and the right of the petitioner to the relief prayed. Other material facts are set forth in the opinion.

Browne & Dryer, and Cassady, Blackwell & Keith, for petitioner, cited *Flournoy & Epping v. Lyon & Co.*, 70 Ala. 308; *Grier v. Campbell,* 21 Ala. 327; *Williams v. Dismukes,* 17 So. Rep. 621; *Gay, Hardie & Co., v. Iron Co.* 94 Ala. 303.

Knox, Bowie & Dixon, *contra.*

HEAD, J.—As claimed by the bill hereinafter referred to, on December 11, 1895, the Lincoln Mercantile Com-

pany, a corporation, executed to Graves Embry a general assignment of its property for the benefit of all its creditors, and the assignee went into immediate possession. Shortly thereafter, three several creditors of the assignor, viz: The Iron Belt Mercantile Company, the Anniston Hardware Company, and the Thompson Hiles Company, sued out attachments against the estate of the assignor, and caused the same to be levied upon the assigned goods, in the possession of the assignee, by the petitioner, J. O. Green, as constable. The attachments were returnable to the City Court of Talladega. Thereupon the assignee, Embry, filed his bill in equity, in the said City Court of Talladega, praying that court to take jurisdiction of the administration and settlement of his trust, under the general assignment; to cause the property to be restored to his possession, as assignee, for the purposes of due administration under the orders and decrees of the court, and to enjoin the prosecution of the attachment suits, &c., &c. The assignor, and several of the creditors, by name, the said attaching creditors, as representatives of classes, respectively, were made defendants, the bill averring that the creditors were numerous, and praying that all be made parties by general notice. The constable, Green, was not made a party.

After the filing of the bill, and before service of process upon the defendants, the judge of the city court made several *ex parte* orders, the substance of which, considered together, was that the court assumed jurisdiction of the trust fund created by the assignment; that the assignee be required, within ten days, to give a bond in the sum of $5,000, with two good and sufficient sureties, payable to and to be approved by the register of the court, with condition for the faithful performance of all the duties as such assignee; that upon the execution and approval of this bond, the said Green, constable, should turn over to the assignee all the property held by him by virtue of the levies of said attachments; that the assignee make and return an inventory of all the assigned property; that the attaching creditors be restrained from further prosecuting their attachment suits at law, and that said constable and the sheriff of Talladega county be restrained from further interfering with the assigned property.

There is no part of this order now before us for re-

view except so much thereof as affects the said Green. He comes with his petition for the writ of mandamus to compel the judge of the city court to vacate the order requiring him to surrender the property to the assignee. We think he is clearly entitled to the writ. When the bill was filed he had the property in his possession, holding it against the parties to the suit. He was not a party to the bill, and is not committed to, nor bound by, any of its averments, He had no opportunity to show cause, legal or equitable, why his possession of the property should not be disturbed. It cannot be known what defense he might have made to the granting of the order, nor with what merit he might have invoked the court to set it aside; yet, deprived of all opportunity to interpose and protect himself before the court, the order complained of was made, final in its nature, forever depriving him of the possession of the property, and investing it in the complainant, upon the mere *ex parte* allegations of the complainant; and, indeed, without any security which would protect the petitioner. It ought to be set aside, and the petitioner has no other remedy than mandamus to cause it to be done.

Let the writ of mandamus issue requiring the said judge of the City Court of Talladega to vacate said orders mentioned in the petition, in so far as they, or either of them, apply to or affect the petitioner, J. O. Green.

Mandamus awarded.