## TOLIVER *et al.* v. MORGAN *et al.*

75 619
84 613
75 619
104 702

1. **Judgment:** PARTY DEFENDANT : EVIDENCE. While the omission to enter the name of a party defendant in the appearance docket, in entering the suit therein, as required by section 198 of the Code, raises a presumption that such party was not named as a defendant in the petition, such presumption is overcome by the decree in the case, which recites that such party was a defendant.

2. ———— : JURISDICTION : ENTRY OF PETITION IN APPEARANCE DOCKET. The failure of the clerk, in entering a suit in the appearance docket, as required by section 198 of the Code, to enter the name of one of the defendants therein, does not, under section 200 of the Code, amount to a failure to file a petition as against him, and does not affect the jurisdiction of the court to render a judgment against him.

3. ———— : ———— : SERVICE OF NOTICE : FINDING OF COURT : CONSTRUCTION OF DECREE. The court, in the decree of foreclosure, expressly found that the " foregoing defendants" had been duly served with notice. B. was not named as a defendant in the caption, nor in any part of the decree preceding the quoted words. But *in the* caption the abbreviation " *et al.*" was used to indicate that there were other defendants than the one named. *Held* that this was to be understood as meaning the other defendants named in the petition ; and that this, together with the fact that B. was named later in the decree as a defendant, and the decree purported to bar him, was sufficient to show that the court found that he had been served with notice.

4. ———— : ———— : ———— : CONCLUSIVENESS OF DECREE. Where the fact of service of notice appears from the decree, it is shown by the record, if there is nothing in any other part of the record showing otherwise.

5. **Mortgage:** PURCHASE BY WIFE UNDER SENIOR LIEN : REDEMPTION. Where the mortgagor's wife signs mortgages only to relinquish her dower, and to secure her husband's debts, she may acquire title to the land under a foreclosure of the senior mortgage, the same as any other person, and the junior mortgagee, who has been made a party to the foreclosure, is not entitled to redeem from her after the statutory time has expired.

*Appeal from Calhoun District Court.*

FILED, OCTOBER 27, 1887.

ACTION to redeem from a foreclosure sale. The court dismissed the plaintiff's petition, and the plaintiff William Bolles appeals.

*J. H. Ballagh, F. S. Rice* and *E. C. Stevenson*, for appellant.

*J. C. Kerr* and *T. F. Barbee*, for appellees.

ADAMS, C. J.—The plaintiff Bolles and one Dayton S. Morgan held each a mortgage upon the land in question, executed by J. L. Dean and wife, the plaintiff's mortgage being junior. Dayton foreclosed, and caused the land to be sold on execution, and obtained a sheriff's deed, and afterwards conveyed to the defendant Margaret M. Dean. In the decree of foreclosure Bolles is mentioned as defendant, and the decree purports to bar his rights. He avers, however, that he was not in fact a party to that action ; that he was, and is now, a non-resident of the state, and was not served with notice of the suit, either personally, or by publication. The evidence shows that the courthouse in which the papers in the case were kept has been destroyed by fire, and that the papers cannot be found. The record book containing the decree was preserved, and also the appearance docket. The decree expressly mentions Bolles as a defendant, and justifies the assumption that he was named in the petition as such. The appearance docket, however, showed merely the filing of the petition, the date thereof, and the name of the plaintiff, and names of the defendants James L. Dean and Margaret M. Dean ; the latter being the mortgagors. It is insisted by Bolles that the entry of his name in the appearance docket was necessary to give the court jurisdiction of him. In support of this position he relies upon sections 198 and 200 of the Code.

1. JUDGMENT : party defendant : evidence.

If Bolles was named in the petition as defendant, as we think appears from the decree, his name certainly should have been entered in the appearance docket. Section 198 provides that in entering suits the clerk

Toliver v. Morgan.

shall set out the full names of all the parties, plaintiffs and defendants, as contained in the petition. The question presented is as to the effect of this omission. It may be conceded that the appearance docket was *prima-facie* evidence that Bolles was not named as defendant in the petition. But this we think was overcome by the decree, and there remains only the question as to whether the entry of Bolles' name in the appearance docket was necessary to constitute the filing of a petition as against him. His position is that a petition cannot be deemed filed as against any one whose name is not entered in the appearance docket. He relies upon section 200 of the Code, which provides that "the clerk shall, immediately upon the filing thereof, make in the appearance docket a memorandum of the date of the· filing of all petitions, demurrers, answers, motions or papers of any description in a cause ; and no pleadings of any description shall be considered as filed in a cause until the said memorandum is made."

*2. —— : jurisdiction: entry of petition in appearance docket.*

In the case at bar, there was a memorandum of the date of the filing of the petition in the appearance docket, and we cannot say that the petition was not to be considered as filed without going beyond the statute. A provision of so arbitrary a character is not, we think, to be extended by implication, and especially to. defeat the jurisdiction of a court which would otherwise clearly exist. An omission by the clerk to enter the name of a defendant in the appearance docket might have the effect to give a right of action against the clerk to any one who should be misled by the omission, to his injury, but we do not think that such omission should be regarded as affecting the jurisdiction of the court.

We come, next, to the question as to the service of notice. The court expressly finds that the " foregoing defendants" were duly served with notice. Now, while it is true that Bolles had not been expressly named in the caption as defendant, nor in any part of the decree preceding the use of the words "foregoing defendants,"

yet in the caption the well-known abbreviation "*et al.*" is added to the name of James L. Dean as defendant, and we take notice that it means the other defendants in the case as shown by the petition. This, together with the fact that Bolles is expressly named later in the decree as defendant, and that the decree purports to bar him, leaves no doubt that the court regarded him as one of the defendants referred to by the abbreviation, and intended to be understood as finding that he had been duly served with notice. The finding of the court that Bolles was duly served with notice must be presumed to be correct, in the absence of any evidence showing to the contrary. *Bradley v. Jamison*, 46 Iowa, 68. The appellant claims that a different rule was held in *Sweeley v. Van Steenburg*, 69 Iowa, 701. In that case the court said that the fact of the publication of the notice must be shown by the record, or the judgment is void. But where the fact of service appears from the decree, we think it is shown by the record, if there is nothing in any other part of the record showing otherwise.

4. —: —: —: conclusiveness of decree.

It is said, however, that the evidence shows that the affidavit for publication was filed after the publication, and that the service by publication is therefore necessarily void. To this it is sufficient to say that we have examined the evidence referred to as showing that the affidavit was filed after the publication, and we have to say that we think that the evidence fails to show such fact.

Margaret M. Dean, the wife of the mortgagor, having now acquired the title to the land, it is insisted by the appellant that he should have a right to redeem from her because she joined in the mortgage. But the debt secured was the debt of her husband, and it does not appear that she joined except to relinquish dower. We cannot see how such joinder gives the appellant any rights as against the land.

5. MORTGAGE: purchase by wife under senior lien: redemption.

We think that the decree of the district court must be                    AFFIRMED.