# Nelms *v.* Kennon.

*Bill in Equity for Statutory Redemption of Lands.*

1. *Motion to suppress depositions.*—A motion to suppress a deposition, on account of the insufficiency of the notice of the time and place of taking it, is addressed to the sound discretion of the chancellor; and if his action in overruling it were revisable on error or appeal, and the record showed that no evidence was adduced in support of the motion, this court would presume that it was overruled on that account.

2. *Statutory redemption by mortgagor, or debtor; delivery of possession to purchaser.*—When a mortgagor, or debtor, seeks to enforce his statutory right of redemption (Code, §§ 1879-80), he must allege and prove that he delivered possession to the purchaser, on demand, within ten days after the sale; and this involves the removal from the premises, not only of himself and his personal effects, but of his servants, members of his household, and all persons who are on the land through

family or contract relations with him, tenants only excepted, who are allowed to attorn to the purchaser.

3. *Objections to evidence; error without injury in failure to decide.*—The failure of the chancellor to decide objections to testimony, if well taken, is error without injury, when his decree purports to have been rendered without a consideration of the objectionable evidence, and is fully sustained by the legal evidence in the cause.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 18th September, 1886, by C. W. Nelms, against W. P. Kennon; and sought to redeem a tract of land, which had been sold on the 3d May, 1886, under a decree in chancery foreclosing a mortgage executed by said complainant, and was bought at the sale by the defendant, who was the mortgagee. The bill alleged that the complainant delivered possession of the land to the purchaser, on demand, within ten days after the sale; but the defendant denied this allegation, and stated that he was placed in possession by the sheriff under a writ of assistance. On final hearing, on pleadings and proof, the chancellor dismissed the bill, on the ground that the evidence did not show a delivery of possession to the purchaser; and his decree is now assigned as error, with other matters.

A. & R. B. BARNES, for appellant, cited *Sanford v. Ochtalomi*, 23 Ala. 671; *Paulling v. Meade*, 23 Ala. 505; *Bondurant v. Sibley*, 29 Ala. 571; *Richardson v. Dunn*, 79 Ala. 170; *Posey v. Pressley*, 60 Ala. 251.

JNO. M. CHILTON, and W. J. SAMFORD, *contra*, cited *Meyer v. Mitchell*, 75 Ala. 475; *Lehman v. Collins*, 69 Ala. 131; *Morris v. Beebe*, 54 Ala. 300; *Spoor v. Phillips*, 27 Ala. 193.

McCLELLAN, J.—The motion to suppress the depositions of defendant's witnesses, on the ground of the insufficiency of the notice of the time and place of taking their testimony, was addressed to the sound discretion of the chancellor, and his action upon it is not revisable.—*Semmons v. Watters*, 55 Wis. 675. Were this otherwise, however, we would be constrained to sustain the ruling of the court below. The insufficiency relied on depended upon an extraneous fact which is averred in the motion; namely, that on the day appointed, complainant's solicitors, on whom the notice was served, were compelled to attend upon the pro-

[Nelms v. Kennon.]

ceedings of the Chancery Court of Lee county, and hence could not be present at the examination. Of this fact, conceding it to be sufficient for the sake of argument, the record contains no proof; and this court would assume, if necessary, that the motion was denied, and properly so, on the failure to support its allegations by evidence.

The bill in this case is filed for the redemption of land, under sections 1879 *et seq.* of the Code. One of the conditions precedent to the right asserted is the fact that possession of the land was delivered to the purchaser within ten days after the sale, on demand, &c.—Code, § 1880; *Stocks v. Young*, 67 Ala. 341. It is upon the party seeking to avail himself of the right of redemption, to allege and prove the statutory delivery of possession. Precisely what constitutes such delivery has, it is believed, never been defined; nor is it our purpose to enter upon definition now, further than is necessary to meet the facts of this case. Of course, there can be no doubt that the statute means actual possession. It would seem to follow, too, that the delivery must be the clear possession, as it is sometimes called, to the exclusion of every other person; the same as a sheriff would give on a writ of *habere facias possessionem.* This would involve the removal from the premises of the personal property of the debtor and of his household, the members of his family, his servants, and all persons on the land through family or contract relations to him, except only his tenants, who, by another provision of the statute, are allowed to remain as the tenants of the purchaser. Excepting, however, tenants, who are thus specially provided for, we apprehend that the statute is not complied with, the delivery of possession required by it not accomplished, unless and until there is such a termination of occupancy on the part of the debtor, his family and household, in their persons and effects, as will admit of the peaceable entry, and quiet, unrestricted, and unobstructed possession and use of the purchaser.

The complainant lived on the land as the head of a household, composed, besides himself, of his brother and sister. The former rented some land—a small quantity—on the place; but his occupancy of the dwelling-house is to be presumed to have been as one of the household, and not in the capacity of tenant. The sister kept house for the family. Complainant, within the statutory period, removed some of his more immediate personal effects from the place, and possibly—though this is not certain on the testimony—

[Williams v. Stillwell.]

thereafter absented himself. He left on the premises other of his effects, and his brother and sister, who maintained an attitude of resistance to the purchaser's entry, and were, after the lapse of ten days, with their property and that of the debtor, removed by the sheriff under a writ of assistance. Without entering at length into a discussion of the evidence, which, as we read it, supports the foregoing outline, it will suffice to say that we fully concur in the conclusion reached by the chancellor, that the complainant has failed to establish that he delivered possession as the statute requires.

.The motion to suppress the deposition of Kennon was predicated on his alleged failure to fully answer certain cross-interrogatories, which had reference alone to the rents of the land. As the fullest and most favorable answers to these questions could not have benefitted the complainant, under the view we have taken of his case, the denial of the motion, if error, and in a proper case revisable, was without injury.

Leaving out of consideration entirely those parts of the testimony of Altha and Kennington to which objection is made, there is abundant evidence to sustain the decree. The presumption is, that the conclusion announced by the court below was attained on legal evidence, when the record shows that there was a sufficiency of such evidence to support it; and especially should this presumption be indulged, when the decree, as here, states that the submission embraces incompetent testimony, but purports being rendered without a consideration of it. The failure of the chancellor to pass on the objections to the testimony of these witnesses was, therefore, without prejudice to the complainant, and will not work a reversal.—*Meyer v. Mitchell*, 75 Ala. 475.

The decree of the Chancery Court is affirmed.