# Henderson *et al.* v. Hambrick *et al.*

### *Bill in Equity to redeem Lands.*

1. *Bill to redeem; necessary averments as to defendants being debtor.*—In order to maintain a bill to enforce the statutory right of redemption, it must aver that the complainants there-

in were of a class of persons privileged by the statute (Code, § 3505) to exercise the right of redemption; and a bill which avers that the complainants were defendants in a chancery suit wherein the sale from which the redemption is sought was decreed, for the satisfaction of a vendor's lien, but does not aver or show that the complainants in said suit were debtor defendants, is subject to demurrer.

2. *Same; necessary averments as to delivery of possession.*—It is a condition precedent to the exercise of the statutory right of redemption, that the debtor therein deliver possession to the purchaser within ten days after the sale (Code, § 3506); and a bill to redeem from a sale, which fails to aver distinctly that the complainant surrendered possession as required by the statute, or fails to give a valid reason for not so surrendering possession, can not be maintained, and is subject to demurrer.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed on June 12, 1900, by the appellees, James T. Hambrick, Sarah Hambrick, Thomas McCord and Hattie McCord, against the appellants, Anna J. Henderson and Mary Carlisle, and averred the following facts: That on October 14, 1889, one Hugh Carlisle filed his bill against the complainants in the present suit to foreclose a vendor's lien on a certain specifically described tract of land; that in May, 1898, a decree was rendered in said cause declaring that said lands were subject to a vendor's lien, and directing that the same be sold if the purchase money was not paid in ten days; that on June 13, 1898, after due and legal notice, said lands were sold by the register at public auction, and Hugh Carlisle was the highest and best bidder, and became the purchaser thereof for the sum of $467, and that said sale was duly reported to the court and confirmed, and Hugh Carlisle received the register's deed to said land; that in August, 1898, the said Hugh Carlisle died leaving the defendants in the present suit, Anna J. Henderson and Mary Carlisle, his sole heirs at law; that on June 7, 1900, the complainants offered to redeem said lands from said sale by jointly and severally tendering to the defendants the amount bid by Hugh Carlisle at the sale under the chancery decree, together with 10 per cent. thereon and by offering to pay to said

defendants all other lawful costs or charges, and re-
quested said defendants to reconvey to them said lands,
but that the defendants refused to permit the complain-
ant to redeem from under said sale; that thereupon the
complainant deposited with the register in court the
amount tendered to the defendants, and they now offer
to do equity as the court may direct.

The prayer of the bill was that the complainants be
decreed to be entitled to redeem said land from said sale
upon the payment of said sum as paid by Hugh Carlisle,
together with 10 per cent. interest thereon, and all other
lawful charges. The defendants demurred to the bill
upon the following grounds: "1st. Said bill of complaint
does not aver a delivery of possession to purchasers at
sale under decree. 2d. Said bill of complaint does not
show in which, if either, of complainants is vested the
right to redeem. 3d. Said bill of complaint does not
show that any one or all of complainants were vendees
of the land armed with the right to redeem from sale
under decree. 4th. Said bill of complaint fails to show
that complainants or either of complainants are debtors,
vendees of debtors, junior mortgagees or assignees of the
equity of redemption."

Upon the submission of the cause, the chancellor ren-
dered a decree overruling said demurrers. From this
decree the defendants appeal, and assign the rendition
thereof as error.

Amos E. Goodhue, for appellant, cited *Nelms v. Ken-
non*, 88 Ala. 329; *Pryor v. Hollinger*, 88 Ala. 405; *Stocks
v. Young*, 67 Ala. 341; *Bondurant v. Sibley*, 29 Ala. 572;
*Sandford v. Ochtalomi*, 23 Ala. 572; *Paulding v. Meade*,
23 Ala. 505.

O. D. Street, *contra.*

SHARPE, J.—To be entitled to redeem from a pur-
chaser of land sold under a chancery decree one must
be of the classes to which the statute gives the right of
redemption as specified in chapter 97 of the Code. Given
to the applicant the original status of a redemptioner,

[Lusk v. Capehart.]

the right is still dependent upon a condition, viz.: he must not have been in default in respect of yielding possession to the purchaser after his demand, according to the requirement of section 3506 of the Code.

This bill alleges that complainants were defendants in the chancery suit wherein the sale was decreed for the satisfaction of a vendor's lien, but it does not show that they were debtor defendants. Nor does it show that they were of any class other than debtors who by the statute are privileged to redeem.

The bill is also insufficient in failing to show either compliance by complainants with the statutory condition of giving possession to the purchaser or a valid reason for not giving possession. For all that is shown the complainants may or may not have perfected a right to redeem. There is no presumption to aid the bill in that respect; and to avoid the usual presumption which stands against the pleader, it should be shown affirmatively that they have not failed to do what the law required in order to be invested with the right they seek to enforce.—*Nelms v. Kennon,* 88 Ala. 329; *Stocks v. Young,* 67 Ala. 341; *Sandford v. Ochtalomi,* 23 Ala. 669; *Paulding v. Meade, ib.* 505.

The decree appealed from will be reversed and one will be here rendered sustaining the demurrer and allowing complainants thirty days within which to apply to the chancery court for amendment of the bill.

Reversed, rendered and remanded.