# Baker v. Burdeshaw.

### Bill in Equity to Enforce Statutory Right of Redemption.

#### (Decided February 13, 1902.)

1. *Redemption of land, under section 3506 of Code; allegations in bill as to surrender of possession and demand for possession.* In a bill filed to enforce the statutory right of redemption of land, under section 3506 of the Code, although it is necessary to show a compliance with the provisions of the statute, it is not necessary to show a delivery by complainant of possession to the purchaser where the purchaser made no demand for possession,—the failure of the purchaser to make the demand being a valid reason for failing to deliver possession.

2. *Tender of redemption money; when need not be made.*—Where a bill to enforce the statutory right of redemption shows that defendant refused to inform complainant of the amount due him on account of taxes and permanent improvements, and that complainant is ignorant of and has no means of ascertaining same, it shows a sufficient excuse for failure to tender the redemption money.

3. *Same; bill must show tender of all lawful charges.*—A bill to redeem under the statute must show that complainant has tendered or offered to pay all lawful charges, or that there are no lawful charges within her knowledge or ascertainable by her.

4. *Bill to redeem land sold under mortgage; averments as to amount due at time of sale.*—A bill filed to redeem land sold under a mortgage, which avers that nothing was due on the mortgage at the time of the sale, is demurrable as not showing any right or need of redemption.

APPEAL from Henry Chancery Court.

Heard before Hon. W. L. PARKS.

The bill was filed by C. V. Burdeshaw against Joe Baker for the redemption of land sold under mortgage. Demurrers to the bill were overruled, and defendant ap-

[Baker v. Burdeshaw.]

peals. The opinion sufficiently shows the averments of
the bill and the grounds of demurrer.

ESPY, FARMER & ESPY, for appellant.— (1.) The bill
should aver that complainant surrendered possession to
the purchaser in ten days after the sale.—*Henderson v.
Hambrick*, 29 So. Rep. 923; Code, § 3506; *Nels v. Ken-
non*, 88 Ala. 329; *Prior v. Hollinger*, 88 Ala. 405; *Pauld-
ing v. Meade*, 23 Ala. 505; *Sanford v. Ochtlomi*, 23 Ala.
669; *Stocks v. Young*, 67 Ala. 341. (2.) The bill should
allege that complainant had paid or tendered all lawful
charges.—*Pritchard v. Sweeney*, 109 Ala. 651; *Brown v.
Beatty*, 101 Ala. 695. (3.) The averment that the com-
plainant had no knowledge of any improvements and
could not ascertain whether defendant had made any,
is but the allegation of a legal conclusion.—*Elrod v.
Smith*, 30 So. Rep. 420; *Johnson v. B. & L. Asso.*, 125
Ala. 465; *Ballard v. Nat. B. & L. Asso.*, 126 Ala. 155;
*Ermin v. Oates*, 101 Ala. 604; *McKissack v. Voorheis*,
119 Ala. 101; *Burgess v. Martin*, 111 Ala. 657. (4.) The
bill is demurrable in showing that nothing was due on
the mortgage at the time of the sale.

H. A. PEARCE, *contra*, argued that the failure of the
purchaser to demand possession was sufficient reason
for the failure to show a surrender of possession, and
that defendant's refusal to inform complainant of the
amount of taxes and improvements excused complain-
ant's failure to make a tender.

SHARPE, J.—*Stocks v. Young*, 67 Ala. 341, cited by
the appellant as authority for the proposition that a
bill to enforce the statutory right of redemption must
allege possession of the land was delivered within ten
days from the sale. The opinion in that case seems to
point out as an objection to the bill there considered that
it did not contain such allegation. But from the same
opinion it is seen there may be cases meriting relief
where such an averment would be improper, as where
possession has been retained by consent of the purchaser.
The same can be seen from the statute: "The posses-
sion of the land must be delivered to the purchaser
within ten days after sale thereof, by the debtor if in

his possession, or of any one holding under him by privity of title if in his possession, on demand of the purchaser or his vendee." Since there can be no delivery *on demand* where there is no demand, it follows that in such case the redemptioner is not precluded from redeeming simply by not delivering possession. The statute has been construed as interposing a condition precedent, so that to stand in the attitude of redemptioners the debtor, if of the class referred to, must have complied with its requirements.—*Henderson v. Hambrick,* 29 So. Rep. 923; *Stocks v. Young, supra; Nelms v. Kennon,* 88 Ala. 329. And a similar construction was placed on the statute as it formerly existed when it was silent as to *demand* and the ten days period, and the condition was simply for delivery of possession.—Clay's Dig., p. 503; § 5; *Paulding v. Meade,* 23 Ala. 505; *Sandford v. Octaloni, Ib.* 669. Therefore to show such compliance a bill should allege either a delivery of possession in accordance with the statute or a valid reason for not delivering. Such a reason would ordinarily be furnished by the absence of a demand for possession. The purpose of the provision in question is not to coerce a transfer of possession except at the purchaser's option. It is to facilitate his entry on the land, and being in his interest solely, he can waive and remove the condition. To his demand whether made after or within ten days the possessor is bound to respond. Without it the latter's retention of possession may well be referred to consent. This bill may be deficient in failing to show the alleged delivery was pursuant to the first demand of defendant, but the demurrer does not point out this objection.

Tender of the redemption money, though ordinarily essential to precede the suit, is not always so. When to make a proper tender is rendered impracticable by the act of the person to whom it is due that fact will on proper averments be sufficient to excuse a failure to tender.—*Lehman, Durr & Co. v. Collins,* 69 Ala. 127, and authorities *supra.* Defendant's alleged refusal to inform complainant of the amount due him on account of taxes and permanent improvements coupled with the

averments that she was ignorant of and had no means of ascertaining same, sufficiently state an excuse for failing to include such charges in her tender. Because he is presumed to have had the more accurate information of the character and value of the improvements if any had been made, it was defendant's duty, on request, to furnish complainant information, if she was entitled to redeem, of the character and value of those improvements.—*Pritchard v. Sweeney*, 109 Ala. 651. But the bill does not show she tendered or offered to pay all lawful charges or that there were no lawful charges besides taxes within her knowledge, and in this particular it is subject to the demurrer. If she knew of such and did not include them in her tender or offer, the alleged fact that defendant refused to inform her of them did not excuse her failure to so include them.

The bill is also defective in that being filed in a single aspect seeking redemption only it avers nothing was due on the mortgage at the time of the sale. Taken as true this averment shows complainant has neither right nor need of redemption. The power of sale was annulled when the debt was extinguished. Thereafter it could not have been validly exercised, and by force of the statute, Code, § 1067, payment of the debt divested the title passing by the mortgage.

The decree appealed from will be reversed and one will be here rendered sustaining the demurrer and allowing thirty days for amendment of the bill in the chancery court. Let the cause be remanded.

Reversed, rendered and remanded.