# Marbury Lumber Company *et al.* *v.* Harriet Posey.

## *Bill in Equity to have declared Void a Conveyance of Land and for Injunction.*

1. *Bill to redeem under a mortgage; when husband of complainant necessary party.*—Where a bill is filed by a married woman, who claims title by a deed from her husband to have a deed to certain lands executed by her and her husband to a third party declared a mortgage and to have the same annulled on the ground of payment, or to be allowed to redeem, if the mortgage indebtedness is not paid, the husband of the complainant is a necessary and indispensible party to the suit, and the failure to make him a party is fatal to obtaining the relief prayed for; and of this defect the court can take notice *ex mero motu.*

APPEAL from the Chancery Court of Autauga.

Tried before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellee, Harriet Posey, against the appellants.

The bill was several times amended, and as finally amended averred that in the year 1870 Nathan Posey, the husband of complainant, entered the lands in controversy, as a homestead, under the United States Homestead Act; that after his entry, Nathan Posey, through threats of arrest and prosecution, was induced to execute a quitclaim deed to said lands, conveying his right, title and interest to one Kineon Wells; that this deed was executed on Oct. 8th, 1883; that there was never any consideration of any kind for said deed; that if there was any debt due by the said Nathan Posey to the said Wells, that the deed was intended as a mortgage to secure the repayment of said debt, and that since its execution Nathan Posey had paid said Wells every cent that he owed him, and that the complainant offered to pay what might

be found due; that on March 31st, 1885, the said Nathan Posey perfected his right to the lands in controversy, and received a patent thereto, and remained in posses- sion of said lands undisturbed until Oct. 5th, 1892, when said Wells recovered said lands in an action of ejectment which was not defended by the complainant or her hus- band, Nathan Posey; that on December 14th, 1889, her husband, Nathan Posey, executed a deed conveying said lands to her, which deed recited as a consideration that the conveyance was made in payment of money belonging to the complainant, which said Nathan Posey had used for his individual benefit; that on March 3d, 1894, said Kineon Wells executed a deed conveying said lands to the Marbury Lumber Company, but that at such time the complainant was in possession of said lands, claim- ing them as her own, and that therefore the deed from Wells to the Marbury Lumber Co. was void; that after recovery of the judgment in the ejectment suit, the Mar- bury Lumber Co. had issued a writ of possession in order to take the property from the possession of complainant and deliver the possession thereof to the Marbury Lum- ber Co.

As originally filed, Nathan Posey, the husband of the complainant, was made a party defendant, but subse- quently the bill was amended by striking out Nathan Posey as a party to the suit.

The prayer of the bill was that the Marbury Lumber Co., its agents, attorneys and employees, be restrained from executing the writ of possession, or from inter- fering in any manner with the complainant in the pos- session of said lands; that said deed or mortgage exe- cuted by Nathan Posey and the complainant to said Kineon Wells be declared null and void, and that the con- veyance executed from Wells to the Marbury Lumber Co. be delivered up and cancelled; and in that alterna- tive, that in the event such conveyance from complainant and her husband to Wells be declared to be a mortgage, that it be ascertained how much, if anything, was due thereon, and that complainant be permitted to pay whatever might be due, and that the same be thereby satisfied and cancelled.

To the bill as finally amended, the respondent demurred upon several grounds, among which was the ground that Nathan Posey was a necessary party to the bill. On the final submission of the cause upon the pleadings and the proof, the chancellor overruled the demurrers and decreed that the complainant was entitled to the relief prayed for, and so ordered.

From this decree the defendants appeal and assign the rendition thereof as error.

RAY RUSHTON, for appellants.—The demurrer to the amended bill should have been sustained. Nathan Posey, the husband of the complainant, was a necessary and indispensible party.—*P & M. Bank v. Laucheimer,* 102 Ala. 454; *Elliott v. Sibley,* 101 Ala. 344; 18 Enc. Pl. & Pr. 799; *Gifford v. Workman,* 15 Ia. 34; *Dooley v. Villalonga,* 61 Ala. 129, 3d h. n; *Boyle v. Williams,* 72 Ala. 353; *Gayle v. Toulman,* 5 Ala. 283.

H. E. GIPSON, *contra.*—Nathan Posey was not an indispensable party to the suit. He is not shown to have been pecuniarily interested in the result of the suit.—29 Amr. & Eng. Ency. of Law 7564;*Howle v. Edwards,* 97 Ala. 649.

TYSON, J.—Accepting complainant's theory of the bill, as amended, as being one for the redemption of land conveyed by the deed of her husband to Wells, which deed, it is alleged, was intended as a mortgage to secure the payment of the debt of the husband, is not the husband a necessary party to the proceedings? If he is, this omission or defect is fatal to the decree, and this court must *ex mero motu* take notice of it.—*Dooley v. Villalonga,* 61 Ala. 129.

The title to the land, when the conveyance was made to Wells, was in the husband. He is the mortgagor and liable for the debt, and it is with him that Wells' representatives or assigns are entitled to have an accounting. Indeed, there is no other person with whom the accounting of the amount of the mortgage debt may be had. It

[Carroll v. Warren.]

is indispensable to a proper adjustment and adjudication of the rights of all the parties that the rights of the mortgagor should be concluded by the decree, which, of course, cannot be done unless he is a party. It seems to us so clear that complainant's husband is an indispensable party that a further consideration of the question is unnecessary. We need only cite in support of this conclusion the following authorities; 17 Ency. Pl. & Pr. p. 959; *Clark v. Long,* 4 Rand. (Va.) 451; *Sanborn v. Sanborn,* 104 Mich. 180.

Reversed and remanded.

McCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.