NORMAN F. HESSELTINE, trustee, *vs.* LILLIE G. HODGES
& another.

Suffolk.   November 29, 1904. — May 20, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Bankruptcy*, Rights of trustee.   *Fraud*, As against creditors.

In a suit in equity by a trustee in bankruptcy to set aside a conveyance by the bankrupt to a third person to the use of his wife and by the wife to her sister, as in fraud of creditors, it was held that on the facts found by a master to whom the case had been referred the title of the defendants under a foreclosure of a mortgage was independent of that of the bankrupt and good against the plaintiff.

BILL IN EQUITY, filed April 27, 1903, by the trustee in bankruptcy of the estate of William L. Hodges to set aside certain conveyances of real estate in Stoughton made by the bankrupt to his wife Lillie G. Hodges and by her to her sister Ella A. Simmonds, including conveyances of the homestead estate mentioned in the opinion, which was called in the bill the first parcel.

In the Superior Court the case was referred to a master. In a supplemental report the master found the following facts in regard to the first parcel or homestead:

That William L. Hodges on June 20, 1899, mortgaged for $5,000 the land described in the plaintiff's bill as the first parcel to the Randolph Savings Bank, and on February 8, 1900, he conveyed all the land in Stoughton of which he was seised to Edgar F. Leonard to the use and behoof of Lillie Gray Hodges and her heirs; that on April 29, 1901, Lillie G. Hodges quitclaimed all interest in the premises conveyed to her use on February 8, 1900, to the respondent Ella A. Simmonds; that on May 4, 1901, the Randolph Savings Bank entered and foreclosed its mortgage and sold the premises therein described to Lillie G. Hodges, wife of William L. Hodges; that on May 8, 1901, Lillie G. Hodges and Ella A. Simmonds mortgaged the lots named in the plaintiff's bill as the first, second and third parcels to the North Easton Savings Bank; that the foreclosure of the Randolph Savings Bank mentioned above was suffered by Mr. Hodges without the consent or knowledge of Mrs. Hodges or Miss Simmonds, who knew nothing about it at the time; that on February 20, 1902, Lillie G. Hodges reconveyed the land described in the plaintiff's bill as the first parcel to Ella A. Simmonds; that shortly after the foreclosure Mrs. Hodges executed a mortgage to the North Easton Savings Bank for $5,500, that being substantially the amount of indebtedness to the Randolph Savings Bank, in which conveyance Miss Simmonds joined to convey the second and third parcels not included in the mortgage to the Randolph Savings Bank, and that neither Mrs. Hodges nor Miss Simmonds gave any consideration for these conveyances, but no question was raised as to the validity of the mortgages; that Miss Simmonds lived with William L. Hodges and Mrs. Hodges during the time of these proceedings

as one of the family and had advanced money to Mr. Hodges and his wife at various times during the years she had lived with them; that Mrs. Hodges had received a considerable amount of money from Miss Simmonds at various times previous to the dates of the deeds given to Miss Simmonds and subsequent thereto, and the advances amounted to $3,875 on January 29, 1902, but no payment was made at the time and no adjustment was made between the parties; that before the deeds by Hodges to Leonard for his wife, Mrs. Hodges had from her separate estate advanced sums of money to her husband, and had indorsed notes for her husband that were scheduled to upwards of $2,000 and also had given him money to invest for her in considerable amounts, some of which was invested in mortgages in her name which were discharged without payment to her, but no advance was made at the time of the conveyance to her, nor was any adjustment made between the husband and wife; and that the value of the equity in the real estate would not have been an inadequate consideration for the amounts advanced.

After the argument of exceptions to this supplemental report as well as to the original report of the master, the Superior Court made an interlocutory decree overruling the exceptions and ordering that the master's report be confirmed, and later made a final decree declaring that the conveyances of the parcel of real estate described in the plaintiff's bill as the first parcel was in fraud of creditors and without consideration, and ordering the defendants to convey that and other real estate to the plaintiff subject to any statutory rights therein of the defendant Lillie G. Hodges. The defendants appealed from both decrees.

*T. E. Grover,* for the defendants.

*N. F. Hesseltine,* (*A. W. Shepard* with him,) for the plaintiff.

HAMMOND, J. 1. As to the homestead estate. The defendants objected to the master's report upon the ground that their title to the homestead property was an independent title by foreclosure of a valid mortgage. This exception is sound and must be sustained. The validity of the mortgage given to the Randolph Savings Bank is not questioned. The bank rightfully foreclosed, and under the power contained in the mortgage sold and conveyed the estate to Mrs. Hodges. The master does not

find any fraud in this transaction. He finds that Mrs. Hodges gave no consideration for this land, but he finds that "shortly after the foreclosure [she] executed a mortgage for fifty-five hundred dollars to the North Easton Savings Bank being substantially the amount of indebtedness to the Randolph Savings Bank in which conveyance" the defendant Simmonds "joined to convey the second and third parcels not included in" the last named mortgage. The fair construction of the report is that Mrs. Hodges paid to the Randolph Savings Bank the money obtained from the North Easton Savings Bank. It is not found by the master that she acted fraudulently in this matter, and she certainly had the right to buy at the foreclosure sale if she saw fit. Having a good title to the property she lawfully could convey it to the defendant Simmonds, as she did by deed of February 20, 1902, and the grantee held it by a good title. In so far as the final decree declares that the deed of the Randolph Savings Bank to Mrs. Hodges and her deed to Simmonds of February 20, 1902, were in fraud of the creditors of William L. Hodges, and orders that the defendants convey to the plaintiff the interests acquired thereunder, it is not supported by the facts found by the master and is erroneous.

2. As to the other exceptions to the master's report, it is sufficient to say that so far as they are legitimately before us and are material they seem to be untenable.

Except as to the homestead estate the decree is affirmed. As to that estate it must be reversed.

*Ordered accordingly.*