(83 South. 595)

WHITEMAN v. TABER.   (3 Div. 401.)

(Supreme Court of Alabama:   Nov. 27, 1919.)

1. CURTESY ☞7—ESSENTIALS OF ESTATE BY "CURTESY" STATED.

At common law the requisites of an estate by curtesy were marriage, actual seisin of the wife, issue, and the wife's death.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Curtesy.]

2. HUSBAND AND WIFE ☞193—WIFE MAY ASSIGN STATUTORY RIGHT TO REDEEM FROM FORECLOSURE WITHOUT HUSBAND JOINING; "INTEREST IN PROPERTY."

Under Code 1907, §§ 4492–4494, 4497, giving a wife capacity to contract, except that she cannot alienate her lands or any interest therein without her husband's consent, etc., a statutory right to redeem from a mortgage foreclosure is assignable under section 5746 by a wife without her husband's joining in the assignment, since the right is not an "interest" in property, but merely a personal privilege.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

3. EQUITY ☞233—GENERAL DEMURRER TESTS ONLY DEFECTS IN SUBSTANCE.

Under Code 1907, § 3121, relating to demurrers to bills in equity, a general demurrer tests only defects in substance, and all proper amendments are considered to have been made.

4. EQUITY ☞241—DECREE ON DEMURRER CONFINED TO GROUNDS ASSIGNED.

A decree on demurrer to a bill in equity will be confined to the grounds assigned under Code 1907, § 3121, relating to demurrers to bills in equity.

5. MORTGAGES ☞616—BILL TO REDEEM SUFFICIENT.

Under allegations in a bill to redeem from real estate mortgage foreclosure that purchaser had been in possession since the sale, it will not be presumed, on a general demurrer to the bill, that complainant had refused to deliver possession to the purchaser on his written demand, although there is no direct allegation that such possession had been delivered.

6. MORTGAGES ☞542—DEMAND OF PURCHASER AT FORECLOSURE SALE FOR POSSESSION MUST BE WRITTEN.

Under Code 1907, § 5747, requiring land sold at a mortgage foreclosure sale to be delivered to the purchaser within ten days upon his written demand, the purchaser's failure to

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

give a demand in writing is a good excuse for failure to deliver possession.

7. MORTGAGES ☞591(1)—DELIVERY OF POSSESSION NECESSARY TO STATUTORY RIGHT OF REDEMPTION.

The statutory right to redeem from a real estate mortgage foreclosure does not exist unless the property has been delivered to the foreclosure purchaser.

8. MORTGAGES ☞616—BILL TO REDEEM HELD SUFFICIENT.

In bill to redeem from a mortgage foreclosure sale, allegations that the mortgagors had conveyed subject to a named mortgage and other mortgages mentioned in their deed *held* not an allegation that any mortgage executed subsequent to the named mortgage existed at the time of foreclosure.

9. MORTGAGES ☞615 — MORTGAGEES NOT CLAIMING UNDER PARTIES TO SUIT TO REDEEM ARE NOT NECESSARY PARTIES TO SUCH SUIT.

In suit to redeem by assignee of the statutory right of redemption against the purchaser at foreclosure, the rights of prior or junior mortgagees of the original mortgagors were not affected, so that it was not necessary to make such mortgagees parties.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by Mary G. Taber against John S. Whiteman to redeem from mortgage foreclosure sale. From a decree overruling demurrers to this bill, respondent appeals. Affirmed.

The averments of the bill are that in 1915 M. L. Ashley and husband mortgaged the lands to Teague Hardware Company, and after default the same was sold under the power in the mortgage on February 23, 1917; that John S. Whiteman became the purchaser at said mortgage foreclosure sale, and that a deed was executed to him conveying all the right, interest, and title that the said Ashleys had in and to said property; that on February 20, 1917, said Mittie L. Ashley and husband conveyed said property by warranty deed to Mittie Ashley Whiteman, subject to the said and other mortgages mentioned in said deed; that after said mortgage sale John Whiteman entered into possession of said property and has been in possession ever since holding same under said sale; that on October 10, 1918, the said Mittie Ashley Whiteman assigned to Mary G. Taber the statutory right of redemption that she had in and to said property; and that complainant is now the owner of said statutory right, and is entitled to redeem from said Whiteman. Paragraph 5 in the bill shows that on the day following complainant made written demand on John S. Whiteman for all the debt and lawful charges claimed by him, and on October 19, 1918, said Whiteman rendered her a statement purporting to be the items of debts, improvements, taxes, and other things which

she claimed he was entitled to receive before complainant could redeem, and that complainant, not being satisfied as to the value of permanent improvements made by him after he acquired title, appointed a referee, and on request Whiteman did likewise, and the two referees found the value of all the improvements, including the growing crop to be $1,051.45; that complainant tendered to Whiteman the sum of $5,925 for the redemption of said place, which complainant alleges is more than the amount to which said Whiteman was entitled; and that said Whiteman counted the money and returned it to complainant with the statement that he neither accepted nor rejected the same. This amount was brought into court. It does not appear so from the bill, but it seems from the record that John S. Whiteman was the husband of Mittie Ashley Whiteman, and that he did not join in her assignment of the right of redemption. This is asserted by the grounds of demurrer, and it is also set up in the demurrer that there is no equity in the bill, and that it is not shown that complainant has the right to redeem.

Ball & Beckwith, of Montgomery, for appellant. The demurrers were improperly overruled. Section 5747, Code 1907; 119 Ala. 622, 24 South. 567; 129 Ala. 596, 29 South. 923; 99 Ala. 607, 12 South. 796; 119 R. C. L. 644.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee. Persons against whom no relief is claimed are not necessary parties respondent to a bill. 106 Ala. 615, 17 South. 618; 72 Ala. 344; 54 Ala. 442. There is no question but what the complainant was entitled to redeem. Section 4492, Code 1907; 133 Ala. 392, 32 South. 602, and authorities there cited.

THOMAS, J. The bill is for redemption of real estate from mortgage foreclosure. Respondent demurred on the grounds that there was "no equity in the bill," that the facts averred do "not show that the husband of said Mittie Whiteman assented to and concurred in the alleged assignment of her right of redemption by joining in her alleged alienation thereof in the manner prescribed by law for the execution of conveyances of land," or that she "owned the right to redeem said lands on, to wit, October 10, 1918, when it is alleged she assigned the same to complainant."

Counsel for appellant say:

"The bill does not allege that the husband of the assignor of her statutory right of redemption joined with her in said assignment. * * * If the wife of this appellant had exercised the statutory right of redemption alleged in the bill to be hers, or if in any other way she had acquired title or an equity in

the land, she could not have disposed of it by any valid transfer or assignment without her husband's joining in the execution of such instrument. It follows as a matter of necessity that she could not transfer the right to redeem without her husband's joining."

To this counsel for appellee reply that respondent's conduct ˆfrom the beginning of the transaction involved in this litigation manifestly shows that he wished to deprive "his wife of her birthright." The arguments by respective counsel suggest the decision of these questions: Has a wife (the assignor) the right to assign her personal and statutory privilege of redemption, or to redeem her lands sold under the powers contained in a mortgage, without the husband's assent; and, as to this, would the law be different if the husband had become the purchaser of the wife's property at foreclosure sale and from him redemption was to be effected? These questions have not been decided by this court.

[1] Under the common law the requisites to an estate by the curtesy were, to wit: (1) Marriage; (2) actual seisin of the wife; (3) issue; and (4) death of the wife. 4 Kent, Com. 29. Out of this has come a diversity of decision and of statute. In Wiltsie on Mortgage Foreclosure, vol. 1 (3d Ed.) § 160, it is said that in those states where statutes have made wholly separate and independent of each other the respective estates of a husband and wife the husband "has no right to curtesy nor to any other interest in his wife's real property, and is consequently not a necessary party [in a bill for redemption, we interpolate], so far as the title is concerned"; that it is only when the husband has obligated himself for the indebtedness or by contract as to the property that "he is a necessary party if a personal judgment for deficiency is sought against him." Wootten v. Vaughn, 81 South. 660;[1] First Nat. Bank v. Elliott, 125 Ala. 646, 659, 27 South. 7, 47 L. R. A. 742, 82 Am. St. Rep. 268; Marbury Lumber Co. v. Harriet Posey, 142 Ala. 394, 38 South. 242; B. L. & S. Ass'n v. Camman, 11 N. J. Eq. 382; Thornton v. Pigg, 24 Mo. 249. It has been held in another jurisdiction that the husband of a mortgagor, having a separate estate, is generally not a necessary party on foreclosure if the sale in the action to foreclose takes place during the wife's lifetime, but upon the death of the wife intestate, after the accomplishment of the foregoing requisites to an estate by curtesy, the husband becomes a necessary defendant to an action for foreclosure, in order to cut off his curtesy and to perfect the title. Leggett v. McClelland, 39 Ohio, 624; Fogal v. Pirro, 23 N. Y. Super. Ct. 100; Hope v. Shevill, 137 App. Div. 86, 122 N. Y. Supp. 127. It has also been held that the wife may foreclose a mortgage assigned to her on her husband's lands in her own name (Bean v. Boothby, 57 Me. 295; Trenton Banking Co. v.

Woodruff, 2 N. J. Eq. 117); and that she may acquire title under foreclosure the same as any other person (Toliver v. Morgan, 75 Iowa, 619, 34 N. W. 858; Hesseltine v. Hodges, 188 Mass. 247, 74 N. E. 319). In this jurisdiction we have held that a creditor of the husband has no right to redeem from a mortgage by the husband and wife on the wife's land, and that such creditor suing to subject to the payment of his debt a building erected by the husband with his own money on his wife's land has no right to redeem from a mortgage on the land executed by the wife. Ware v. Hamilton Brown Shoe Co., 92 Ala. 145, 9 South. 136; Ware v. Seasongood, 92 Ala. 152, 9 South. 138.

In Wootten v. Vaughn, supra, a wife's right of dower was declared not a property right, but only a right of action personal to the widow after the death of the husband; that the right of redemption from a regular foreclosure was paramount to any right of which the widow of the purchaser at such sale was dowable. Held the wife of the purchaser was not a necessary or proper party to a bill against the purchaser and assignee for redemption, but that his mortgagee was a proper party. Where a widow had joined in the execution of a mortgage in a release of dower, and she was not a party to the foreclosure, held that she may redeem upon paying the full amount due on the mortgage debt (not for a less sum), although the purchaser at foreclosure sale had paid greatly less than the amount due on the mortgage. McGough v. Sweetser, 97 Ala. 361, 12 South. 162, 19 L. R. A. 470; Eslava v. Lepretre, 21 Ala. 504, 56 Am. Dec. 266; Duval v. McLoskey, 1 Ala. 708; 1 Wiltsie on Mortg. Foreclosure (3d Ed.) § 156; volume 2, § 1133.

In First Nat. Bank of Anniston v. Elliott, 125 Ala. 646, 659, 27 South. 7, 47 L. R. A. 742, 82 Am. St. Rep. 268, the holding was that the joinder of the husband, Mr. Elliott, with the wife in a bill for redemption by a judgment creditor was justified by the averment that the purchaser at foreclosure sale, Mrs. Elliott, had thereafter joined her husband in the execution of a contract of sale of the land to a third person; and the bill prayed that the husband be required to join in a deed with his wife on effectuation of redemption. Thus was the husband a necessary party in a decree for affirmative relief sought against the husband and the wife—a reconveyance by them of the property to the complainant.

In Marbury Lumber Co. v. Harriet Posey, supra, the husband was the mortgagor and liable for the debt, and it was with the mortgagee's representatives or assignees that accounting on redemption was to be had. The subsequent conveyance by the husband to the wife did not change the fact that it was with no other person than the husband "with whom the accounting of the amount of the mortgage debt may be had," and for this reason alone was it held that he was an indis-

pensable party with the wife for a binding decree to enforce the equity of redemption. It was declared that the deed was intended as a mortgage; that it was indispensable to a "proper adjustment and adjudication of the rights of all the parties that the rights of the mortgagor [the husband] should be concluded by the decree." The decisions in First Nat. Bank of Anniston v. Elliott, supra, and Marbury Lumber Co. v. Posey, supra, declaring the husband a necessary party to bills for the foreclosure of mortgages on the wife's land, are rested on the fact that decrees were sought binding the husband personally to do an act or that the result of such decrees would subject him or his estate to liability.

In Zimmern v. People's Bank of Mobile, infra, 81 South. 813,[2] is contained the statement that an equity of redemption remaining in a mortgagor of land is a property interest. No question of joinder as parties of husband and wife was presented for review in that case. In line with this announcement of the nature of an equity of redemption is our late decision where a bill was filed by the wife to have a deed absolute in form, executed by her to the husband's creditor, declared a security for debt, and under the agreement that the wife be permitted to redeem within the designated period. Held that the instrument was not an absolute conveyance, as it purported, and that said transaction of the parties was the legal equivalent of an agreement that defendant held the title as security for the debts which constituted the consideration upon which the instrument was executed. The husband was a party respondent to this bill. Smith v. Thompson, 82 South. 101.[3] Such are the analogous authorities in this and other states that may assist us to a right construction of our several married women's statutes applicable to the facts of the case in hand.

Under the married woman's law (chapter 95 et seq., Code 1907) the wife is declared to have full legal capacity to contract as if she were sole, "except as otherwise provided by law" (section 4492), and the husband and wife may contract with each other (section 4497; Manfredo v. Manfredo, 191 Ala. 322, 327, 68 South. 157). The two exceptions "provided by law" to the wife's full right to contract are that she cannot alienate or mortgage her lands or any interest therein without the assent and concurrence of the husband expressed as required (section 4494), and that she shall not become surety for the husband (section 4497). The wife must sue alone at law or in equity. Code, § 4493; Parker v. Newman, 200 Ala. 103, 75 South. 479, 483.

The nature of the right or privilege of statutory redemption has often been defined, as we have uniformly decided that it is merely a personal privilege, is neither property nor the right of property, is not subject to levy or sale as such under execution, and, as stated, is merely a right or privilege of the debtor. Parmer v. Parmer, 74 Ala. 285; Otis v. McMillan, 70 Ala. 46, 62; Childress v. Monette, 54 Ala. 317; Mewburn v. Bass, 82 Ala. 622, 626, 2 South. 520; Cooper v. Hornsby, 71 Ala. 62; Seals v. Pheiffer, 77 Ala. 278. Such was the uniform holding of this court before the more recent amendments to the statute making this personal privilege assignable and descendable after the equity of redemption had been cut off by a regular or effective foreclosure, and extending the classes by which the personal right or privilege may be exercised. Baker, Lyons & Co. v. Eliasburg & Bros. Mer. Co., 79 South. 13;[4] Dinkins v. Latham, 79 South. 493;[5] Wittmeier v. Cranford, 199 Ala. 1, 73 South. 981; Powers v. Andrews, 84 Ala. 289, 291, 4 South. 263.

This personal privilege and its distinction from the right of property inherent in the equity of redemption has been preserved by our later cases. For example, Mr. Justice Anderson said, "It has been repeatedly held that the statutory right of redemption * * * was a mere privilege or right personal to the debtor; that it was neither property nor the right of property * * *" (Johnson v. Davis, 180 Ala. 143, 145, 60 South. 799); and this difference "between the right of redemption of real estate under the statute, where the equity of redemption has been foreclosed, * * * and the right and exercise of the equity of redemption by a mortgagor, where the same has not been foreclosed," was adverted to in Wootten v. Vaughn, supra, 81 South. 662.[6] In Johnson v. Smith, 190 Ala. 521, 524, 67 South. 401, 402, Mr. Justice Mayfield stated this distinction as follows:

"The one right is a mere privilege conferred by the statute on the mortgagor and others mentioned in the statute, * * * while the other is a right created by courts of equity to protect the mortgagor from the loss of his property, but secures to the mortgagee the full payment of his mortgage debt. The one is the creature of the statute; the other, of courts of equity. The one does not exist until the other is cut off. The foreclosure which cuts off and terminates the latter right gives rise to, and is the inception of, the former right. Both rights cannot, therefore, exist as to the same property and between the same parties at the same time and under the same conditions."

See Zimmern v. People's Bank, 81 South. 811;[7] Wootten v. Vaughn, supra, 81 South. 662;[6] Burke v. Brewer, 133 Ala. 389, 392, 32 South. 602; Narrell v. Phillips Mer. Co., 185 Ala. 141, 144, 64 South. 305. The present statute authorizes the statutory right of redemption to be assigned and that such assignee may enforce the same under the statute as the assignor may have done. Ivy v.

---

[2] Ante, p. 21.   [3] Ante, p. 87.

[4] 201 Ala. 591.
[5] 202 Ala. 101.
[6] 202 Ala. 684.
[7] Ante, p. 21.

Hood, 79 South. 587, 588;[8] Cowley v. Shields, 180 Ala. 48, 52, 60 South. 267; Johnson v. Davis, supra; Baker, Lyons & Co. v. Eliasburg Mer. Co., supra; Patterson v. Holmes, 202 Ala. 115, 79 South. 581.

[2] It follows from the foregoing that, the right of redemption, assignable under section 5746 of the Code, being neither property nor the right of property or any interest therein within the terms of section 4494, the wife has the full legal capacity to contract and assign such personal right to redeem. This the wife may do as if she were sole and as she deems best without interference or direction from the husband; and the husband is not required to join with her in such assignment or give his assent thereto in writing, or so assent to her redemption or disaffirmance. The wisdom of such ruling is illustrated by a case where a wife's property is subject to mortgage, and she is unable to pay it; the husband, though able, does not, and after default has the mortgage transferred to him and forecloses it, or permits it to be foreclosed and purchases at such sale. Is then the wife to be restrained or prevented from the free exercise of her statutory personal right? May she not assign it, or in her own name file a bill to redeem? She may file a bill in her own name to affirm or disaffirm an irregular foreclosure in the exercise of her equity of redemption.

If the husband should become the purchaser at a foreclosure sale, being without funds with which to redeem from him, the wife should have the free and untrammeled right of contract as to her statutory right of redemption as if she were sole, in order to protect her interests from him or other purchasers, and especially against the husband if he, as such purchaser, has assumed an antagonistic interest to the free exercise of the personal right of the wife as to said property. If the rule or construction of the statute in question be otherwise, such wife would be without remedy; that is, unless, under the right to contract as if she were sole, she could assign her (statutory) personal right to redeem to another person who would under contract redeem for her and thus save the property from a sacrifice sale. This right of assignment without the husband's written assent or concurrence of such statutory right of the wife is the important question, and we have responded to the discussion and suggestion of counsel on both sides in its decision that under the statutes the wife is free in the exercise of the right to contract as if she were feme sole with reference to the personal privilege to redeem or assign the statutory right of redemption as she sees fit, without let or hindrance on the husband's part.

[3, 4] Of the other questions presented by the ruling on demurrer we may say, if the bill is tested by general demurrer, all proper amendments are considered to have been made. Code, § 3121; Singo v. Brainard, 173 Ala. 64, 55 South. 603. The nature and effect of the general demurrer to a bill is to test its equity just as a motion to dismiss for want of equity had formerly done. It is directed only to defects in substance. Unless amendable defects are duly objected to and pointed out with reasonable certainty, they will not be considered. McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 South. 567; Vaughn v. Vaughn, 180 Ala. 212, 60 South. 872; Farrow v. Sturdivant Bank, 181 Ala. 283, 61 South. 286; Cassells Mills v. First Nat. Bank of Gadsden, 187 Ala. 325, 65 South. 820; Pollock & Co. v. Haigler, 195 Ala. 522, 70 South. 258. It is a further established rule of equity pleading that the decree of the court on demurrer to a bill will be confined to the grounds assigned. Code, § 3121; Dickerson v. Winslow, 97 Ala. 491, 11 South. 918; Allen v. Allen, 80 Ala. 154; Humphreys v. Burleson, 72 Ala. 1; Sessions & Leary v. Boykin, 78 Ala. 328; Planters' & Mechanics' Mut. Ins. Co. v. Selma Savings Bank, 63 Ala. 585.

With reference to the averments of the bill as to delivery of possession to purchasers, we note that the statute in the Code of 1896, § 3506, reads:

"The possession of the land must be delivered to the purchaser, within ten days after the sale thereof, by the debtor, if in his possession, or of any one holding under him by privity of title, if in his possession, on demand of the purchaser or his vendee."

As the same became section 5747 of the Code of 1907, it was changed by the insertion of the word "written" before the words "demand of the purchaser or his vendee." Construing the statute so amended, this court has declared that in a bill filed to enforce the statutory right of redemption, though it is necessary to aver a compliance with the provisions of the statute, "it is not necessary to show a delivery by complainant of possession to the purchaser where the purchaser made no demand for possession; the failure of the purchaser to make the [statutory] demand being a valid reason for failing to deliver possession." Baker v. Burdeshaw, 132 Ala. 166, 31 South. 497. However, in Francis v. White, 160 Ala. 523, 526–528, 49 South. 334, 335, it is said:

"As the statute confers a mere right or privilege upon the debtor, he must conform to the requirements of the statute by delivering possession to the purchaser, and by the payment or tender of the purchase price, together with 10 per centum per annum thereon, and all lawful charges, and must pay to the person in possession the value of all the permanent improvements."

Yet the further observation is made that—

"The rights and duties of the debtor, creditor, or purchaser under the statute are reciprocal.

---

[8] 202 Ala. 121.

The purchaser cannot, by his mere failure or refusal to perform the duties imposed upon him by the statute or by inaction, prevent the debtor from performing his, and thus cause the debtor to lose his statutory right of redemption."

[5-7] It is averred in the bill that after the sale on foreclosure of the mortgage the defendant entered into possession of said property, and has been in possession thereof ever since, and is holding the same by virtue of said sale; that on October 10, 1918, Mittie Whiteman assigned to complainant (Mary G. Taber) "the statutory right of redemption that she had in and to said property, and that * * * complainant is now the owner of said statutory right of redemption and is entitled to redeem from John S. Whiteman said real estate" described "under and by virtue of chapter 133 of the Civil Code." In such state of the pleading, it being averred that after foreclosure the purchaser "entered into possession of said property and has been in possession thereof ever since, holding the same by virtue of said sale," it will not be presumed that complainant refused on written demand to deliver possession to him. The failure of such written demand would have been good excuse for failure to deliver possession after sale. Baker v. Burdeshaw, supra. If complainant's assignor of her statutory (personal) right had not complied with the statute as to delivery of possession (Nelms v. Kennon, 88 Ala. 329, 6 South. 744; Farley v. Nagle, 119 Ala. 622, 24 South. 567; Henderson v. Hambrick, 129 Ala. 596, 29 South. 923; Baker v. Burdeshaw, supra), Mrs. Taber would have no statutory right of redemption; neither would complainant be the "owner of said statutory right of redemption," nor be "entitled to redeem from" defendant "under and by virtue of chapter 133 of the Civil Code of Alabama." Such allegation is, by way of averment of conclusion of fact (B. R., L. & P. Co. v. Littleton, 77 South. 565[9]), an averment that possession was delivered to the purchaser as provided by statute. This defect in pleading may have been challenged by demurrer. However, there was no specific ground of demurrer challenging the inferential method of averment of the fact of delivery of possession of the property after foreclosure as required by statute, and we will not reverse for such defect in pleading without specific ground of demurrer directed thereto.

[8, 9] The bill does not show there were junior mortgagees as parties at interest at the date of the foreclosure; at best, the averment is that the mortgagors conveyed the property to Mittie Ashley Whiteman by warranty deed subject to the mortgage to Teague Hardware Company and to other mortgages in said warranty deed mentioned.

This is not an averment of the existence at such time of foreclosure of any mortgage that was executed subsequent to that of Teague Hardware Company, or that was executed by the purchaser after foreclosure. It was only an allegation of the fact of transfer to Mrs. Whiteman by the Ashleys of their equity of redemption; this transfer being before the foreclosure of the Teague Hardware Company mortgage. The authority cited by appellant is not controlling. Bolling & Son v. Pace, 99 Ala. 607, 12 South. 796. There the bill was in equity to foreclose a mortgage, wherein the mortgagees and a third party claiming title were named as parties respondent. The court said that, since such third party had title superior to the mortgagees and paramount to the title of complainant under the mortgage (in equity the older and superior mortgage), he "should not have been made a defendant" in the bill to foreclose. This was not the proceeding to determine and have settled the absolute title to mortgaged realty. "Only those should be made parties who are, or who claim under, the parties to the instrument." In Wootten v. Vaughn, supra, by such rule it was declared that the purchaser's subsequent mortgagee was a proper party to a bill to redeem, since redemption would affect his title to the land or his equity in the money paid into court on effectuation of redemption. The redemption sought in the instant suit from the purchaser at foreclosure sale of the Teague Hardware Company mortgage only affected the assignee of the statutory right of redemption and the purchaser at foreclosure. No other right, title, or interest was or could be affected by such ascertainment and the decree rendered in this cause. No relief in this action could be had against a prior or a junior mortgagee of the Ashleys; the rights of no such mortgagee were or may be concluded thereby. It is only persons who have a right or interest, legal or equitable, in the subject-matter of the controversy, which may be affected by the decree who can be made parties to a suit in equity. Singleton v. U. S. F. & G. Co., 195 Ala. 506, 511, 512, 70 South. 169; Sims, Ch. Pr. § 141.

The prayer of the bill seeks redemption of the property and ascertainment and adjustment of the respective rights and equities of the parties guaranteed in the payment of the funds by complainant into the registry of the court—an amount necessary to effectuate redemption. The further offer is contained in the bill to abide by the decision of the court on final decree and prayer for general relief as may be just and proper. Code 1907, § 5751; Hale v. Kinnaird, 200 Ala. 596, 76 South. 954, 958.

Without approving the manner of averment as to delivery of possession to the pur-

[9] 201 Ala. 141.

chaser, the decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and BROWN, JJ., concur.