# Force *v.* Age-Herald Company, *et al.*

*Bill in equity by Creditor of Corporation to subject Assets misappropriated to the Payment of his Debts.*

1. *Bill by corporate creditor to subject assets misappropriated to the payment of his debts; when amendment constitutes departure.*—Where a bill filed by the creditor of a corporation against the corporation and its directors as individuals, and as originally filed charges the individual respondent with misappropriating and using the assets of the corporation, which was insolvent, to satisfy their individual liabilities, for the purpose of hindering, delaying and defrauding the corporate creditors, and seeks to have the assets so misappropriated and converted subjected to the payment of his debts, and if they have been disposed of to fix a liability upon the individual respondents, the amendment of such bill, in so far as it re-

[Force v. Age-Herald Company *et al.*]

lates to the case against the individual respondents, by averring that the transfer of the property of the corporation by the individual members was *ultra vires* the corporation, and by seeking to fasten a liability on the individual respondents, solely upon the ground that while acting as agents for said corporation they participated in a corporate act which was *ultra vires* the corporation, such amendment is a departure from the original cause of action, so far as the matter relates to the individual respondents.

2. *Right of creditor to attack corporate transaction on the ground that it was ultra vires.*—A creditor of a corporation can not attack a corporate transaction solely upon the ground that it is *ultra vires,* where no fraud is charged, since the only ground on which the creditor of a corporation may assail in equity a corporate transaction is, that its intent or effect is to fraudulently divert or destroy the corporate assets which are subject to the payment of corporate debts.

3. *Same; right to hold officer liable for ultra vires act.*—The creditor of a corporation can not hold an officer or agent of a corporation responsible for a mere negligent or *ultra vires* act as distinguished from the fraudulent transfer or misappropriation or conversion of corporate assets from the payment of corporate debts.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellant, Silas C. Force, against the Age-Herald Company, the Herald Company, corporations organized under the State of Alabama, and J. F. B. Jackson, Frank P. O'Brien, W. A. Walker, W. P. Pinckard, J. J. Altman, and Fred Schloss.

It was averred in the bill that the complainant was the owner of bonds evidencing a debt which had been assumed by the Herald Company, and that the payment of said bonds was secured by a deed of trust upon property which had been transferred to and was owned by said Herald Company; that the individual defendants of the bill were at the time of the transactions referred to in the bill, the directors of said Herald Company. It was further averred in the bill that the individual defendants had organized and subscribed for stock in the Age-Herald Company, and that they had transferred all

of the property, assets, etc., of the Herald Company to the Age-Herald Company.

The bill as originally filed averred the insolvency of the Herald Company, and charged the individual respondents with appropriating and using the assets of said Herald Company to satisfy their individual liability on the subscription made by them for their own benefit to the capital stock of the Age-Herald Company. The other averments of the original bill are sufficiently shown in the opinion.

The prayer of the bill, so far as it related to the individual respondents, was, that said individual respondents be required to account to the complainant for the value of the property and other things belonging to the said Herald Company, which were conveyed or caused to be conveyed by them to the Age-Herald Company, and that a reference be made by it to ascertain for what amount they were liable for on account of the matters averred in the bill.

To the bill as amended the respondent demurred upon several grounds, which may be summarized as follows: 1. There are no facts averred in the bill of complaint which show that the transfer of the property of the Herald Company by the defendants J. F. B. Jackson, J. J. Altman, W. P. Pinckard, Wm. A. Walker, Fred Schloss, and F. P. O'Brien, was fraudulent or wrongful, or that said defendants wrongfully or fraudulently acquired the possession or ownership of such property so transferred in payment of their subscriptions, from the Herald Company. 2. Because the complainant suing as a creditor has no cause of action in equity against the respondents J. F. B. Jackson, F. P. O'Brien, Wm. A. Walker, W. P. Pinckard, J. J. Altman, and Fred Schloss, for their alleged *ultra vires* act in transferring the property mentioned in the bill in payment of said stock subscriptions. 3. The bill as amended presents no cause of action in equity against the individual respondents, and complainant as a creditor has no right to recover against the individual respondents, because of their *ultra vires* act as directors, officers or agents of the Herald Company. 4.

18c

[Force v. Age-Herald Company *et al.*]

The bill as amended is repugnant for the reason stated in the last ground of the demurrer. 5. The averments of the bill as amended show that the individual defendants transferred the property mentioned in the bill to the Age-Herald Company in good faith to pay the stock subscription of the Herald Company, in the capital stock of the Age-Herald Company, and that their act in so doing was merely an *ultra vires* act, and the bill fails to show that such act was done, either with an actual or constructive intent to defraud the creditors of the Herald Company, and the bill as amended fails to show that the individual defendants converted any of the assets of the Herald Company, which were subject to the payment of its debts, to their own use or in any way transferred them in fraud of creditors. 6. The bill as amended fails to show that the individual defendants disposed of any of the assets of the Herald Company, which were subject to the payment of its debts, in fraud of creditors. 7. The bill as amended fails to show that the individual defendants are personally responsible to complainant for the value of the stock subscriptions for the capital stock of the Age-Herald Company. 8. The acts of the individual respondents which are relied on as a conversion, are alleged to have been done by them as agents of the Herald Company, under authority of a resolution of the stockholders of the Herald Company, and can not be attached by the creditors of the Herald Company, unless shown to have been done for the purpose of hindering and delaying or defrauding the creditors of the Herald Company, and no such averment is made in the bill. 9. The complainant as a creditor of the Herald Company has no standing in equity to attack the acts of respondents, as agents, trustees, directors or officers of the Herald Company, and to hold said respondents personally responsible therefor unless an averment that said acts were done for the purpose of hindering, delaying or defrauding the complainants and other creditors. 10. The bill as amended fails to show that respondents committed any act which was in fraud of the rights of creditors or that the respondents have in their possession or under

their control or have fraudulently converted any assets of the Herald Company, which were subject to the payment of complainant's debt.

On the submission of the cause on the demurrers, the chancellor rendered a decree sustaining the grounds of demurrer as above set forth. From this decree the complainant appeals, and assigns the rendition thereof as error.

JAMES E. WEBB, for appellant.—The liability of the individual defendants Walker and associates arises notwithstanding they acted under a resolution of the stockholders of the Herald Company is sustained by the case of *Hibernia Ins. Co. v. St. Louis &c. Co.*, 13 Fed. Rep. 516; 2 Morawetz on Corporations, §§ 791, 794, 795, 796. If the directors should misappropriate or divert any portion of the company's capital, and thereby cause a loss to existing creditors, they would be liable like any other wrong-doer to make equitable compensation.—*ReNational Funds Asso.*, L. R. A. Lo. Ch. Div. 118; *Lexington &c. Co. v. Bridges*, 7 B. Monroe Rep. 556; *Bank v. St. John*, 25 Ala. 556.

The bill avers and the demurrers admit the averment, that the contract of subscription to the stock of the Age-Herald Company was *ultra vires;* that it did not bind the Herald Company; and from this it follows that the contract of Walker and his associates who thereby bound themselves to pay one hundred seven thousand five hundred dollars ($107,500.00) for that stock, in payment of their obligation. They used the corporate property of the Herald Company, which should have been applied to the payment of the complainant as a creditor of that company; and in so doing brought themselves, clearly within the principle held in the case of *Ft. Payne Bank v. Alabama Sanitarium*, 103 Ala. 358.

W. I. GRUBB, *contra*, cited, *O'Connor Min. Co. v. Coosa Furnace Co.*, 95 Ala. 618; *Welch v. L. & N. T. Bank*, 122 N. Y. 189, 17 Amer. & Eng. Ency. of Law, 111; Cook on Corporations, § 735, p. 1599; Cook on Corporations, § 672, p. 1347.

DOWDELL, J.—The appeal is taken from the decree of the chancellor sustaining the demurrer of the individual respondents to the bill as amended. The bill is filed by a creditor of the respondent, the "Herald Company," a corporation, and as originally filed it charged the individual respondents with appropriating and using the assests of the Herald Company to satisfy their individual liability on a subscription made by them for their own benefit to the capital stock of the "Age-Herald Company," another corporation. It also averred the insolvency of the Herald Company, and the allegations of the appropriation and use of its assets by the individual respondents for their own benefit were tantamount to a charge of the conversion of the property of the insolvent corporation. The *gravamen* of the averments of the bill, was a wrongful disposition or a misappropriation of the assets of an insolvent corporation, which were subject to the claims of creditors, and with a purpose of hindering, delaying or defrauding, such creditors in the collection of their claims. If done with the intent to hinder or delay creditors, that would constitute a fraud on the rights of creditors. Fraud, therefore, was essential to make out a case.

The amendment to the bill, in so far as it relates to the case against the individual respondents, Walker and others, abandons all charge of fraud against them, either actual or constructive, as to creditors in the transaction complained of, and rests the case on the ground, that the transfer of the property of 'the "Herald Company," and the subscription for stock in the "Age-Herald Company," which was paid with the property so transferred for the benefit of the former company and its stockholders, was *ultra vires* of the Herald Company, and predicates the liability of the individual respondents on their participation in this *ultra vires* act, on the theory, that it constituted a breach of trust.

The theory of the original bill is, that a creditor has a right in equity to follow into the hands of one, who in fraud of his rights has misappropriated assets subject to the payment of his debts, such assets, and if they have

been disposed of to fix a liability upon such person, and hold him to an accounting; while the amended bill seeks to fasten a liability on the individual respondents, solely on the grounds as alleged, that they acting as agents for the Herald Company had participated in a corporate act, which was *ultra vires* of the corporation, and this without any averment or charge that these respondents individually in any way profited by the act. The principle which gave the original bill equity as against the individual respondents, is wholly distinct from the theory of the bill as amended, and in this we think there was a clear departure made by the amendment from the original cause of action so far as the same relates to the individual respondents.

The more important question, however, is, does the bill as amended contain equity as against the individual respondents? The complainant is a creditor of the corporation. The charge is, that the individual respondents as directors or agents participated in an *ultra vires* act of the corporation. There is no pretense of fraud, nor is it charged that they individually received any benefit whatever from the act. So far as appears, the stock of the "Age-Herald Co." which was issued for the property of the Herald Co. and transferred to the Herald Co. was of equal, or greater value than the property of the Herald Co. for which it was issued. The bill shows, that the respondents subscribed for and acquired the stock in a fiduciary capacity, as agents or trustees of the Herald Co. or its stockholders acting in pursuance of a resolution of the stockholders of the Herald Co. The bill further shows, that the stock went into the treasury of the Herald Co., that it was transferred by these respondents to the president of the Herald Co. and it is entirely consistent with the allegations of the bill, that it was there used for legitimate corporate purposes. It is not pretended that the individual respondents diverted one share of this stock from such legitimate corporate purposes, or that any of them ever got a single share for his own benefit. Therefore, the bill as amended cannot be maintained on the theory that the complainant has the right to follow assets of the Herald Co. fraudulently di-

verted from the payment of its debts into the hands of the individual respondents, for it fails to show that any of such assets were received by them. The bill fails to charge the individual respondents with diverting corporate assets to their own use, or with wasting them in fraud of creditors, for as stated above, it does not appear, but that the stock of the Age-Herald Co. which was taken in lieu of the Herald Company's property, and which went into the treasury of the Herald Co. was of greater value than the property so taken. The only charge then of the bill as amended is that the individual respondents in taking the stock subscription for and on behalf of the Herald Co. entered into a contract that was *ultra vires* of the corporation. A creditor cannot attack a corporate transaction on the ground that it is *ultra vires* merely, where no fraud is charged. This right is confined to the corporation itself, or where it refuses to act, to the stockholder, or in a proper case to the State. The only ground on which a creditor may assail a corporate transaction, in equity, is that its intent or effect is to fraudulently divert or destroy the corporate assets, which are subject to the payment of corporate debts. An act may be *ultra vires* of the corporation, and as such, assailable by the corporation or its members, and still have the effect of increasing corporate assets. Directors, agents, and officers of a corporation are trustees for its stockholders, but not for its creditors, and this whether the corporation is solvent or insolvent.—*O'Bear Jewelry Co. v. Volfer*, 106 Ala. 205. Creditors can only hold them responsible by showing them to be trustees *in invitum*, by having acquired by fraud assets which should have paid corporate debts. In the case of *O'Conner Mining Co. v. Coosa Furnace Company*, 95 Ala. 618, it was said: "The directors of a corporation, in the transaction of its business, and the disposition of its property, do not stand in any such relation to its general creditors,, as they occupy to the corporation itself, and its stockholders. They are not the agents of such creditors nor can they usually be regarded as trustees acting in their behalf. The creditors are not entitled to disaffirm a transfer of

the property of the corporation made by its directors or other agents, merely because the corporation itself or its stockholders could have done so.   When a disposition of the property of a corporation is assailed by its creditors, they are not clothed with the right of the corporation or of its stockholders, to set aside the transaction regardless of its fairness or unfairness on the ground that it was entered into by representatives of the corporation who had put themselves in a relation antagonistic to the interests of their principal.   The right of the creditor to impeach the transaction depends on its fraudulent character.   The question in such case is, was the transaction which was complained of entered into with the intent to hinder, delay or defraud creditors?   Was the property fraudulently transferred or conveyed?"

The doctrine that a mere corporate creditor cannot hold an officer or agent of a corporation responsible for a mere negligent or *ultra vires* act, as distinguished from a fraudulent transfer or misapplication of corporate assets from the payment of corporate debts finds support in the following authorities: 17 Am. & Eng. Ency. Law (1st ed.), p. 111 ; Cook on Corporations, § 735, p. 1599; *Ib.* § 672.

From what we have said above it follows that, in our opinion, the chancellor committed no error in sustaining the demurrer, and his decree will be affirmed.