[Cassells Mills v. First National Bank of Gadsden.]

# Cassells Mills *v.* First National Bank of Gadsden.

## *Bill for Receiver.*

(Decided June 4, 1914.   Rehearing denied June 30, 1914.
65 South. 820.)

1. *Corporations; Insolvency; What Constitutes.*—A corporation with sufficient property accessible to legal process to satisfy all legal demands is not insolvent in such a sense as to authorize a receivership, although it may not have the money in hand to meet its liabilities, as they mature, and may not be able to obtain credit.

2. *Receiver; Bills; Sufficiency.*—A bill seeking a receiver for a corporation not filed on behalf of creditors generally but seeking relief for complainants alone and expressing a doubt as to the value of the corporation's property being equal to its debts, which alleges complainant's belief that the corporation was solvent if its property and assets were properly preserved and looked after, was not sufficient as a bill under section 3509, Code 1907.

3. *Same.*—A bill by simple contract creditors for the appointment of a receiver for a corporation which does not allege the corporation's insolvency, nor fact from which such insolvency might be inferred, but which alleged that its mill building, constructed of highly inflammable material, which with the machinery therein, constituted substantially all of its property, had been closed down and left without proper insurance, care and protection, and was in constant danger of destruction by fire from locomotive engines which passed the same with great frequency and nearness, would not have been sufficient as against a proper demurrer, yet was not so defective as to be incurable by amendment, waiver, or course of proceedings against the parties, and was therefore sufficient to support the appointment of a receiver, where the corporation neither demurred thereto nor resisted such appointment.

4. *Same.*—A bill cannot be maintained for the appointment of a receiver apart from some distinct ground of equitable relief, the process of receivership being an ancillary remedy in aid of the primary object of litigation which must be of equitable cognizance.

5. *Same.*—One seeking the appointment of a receiver must show that he has a right or interest in or to the subject matter of the proposed receivership, or that it constitutes a special fund to which he has a right to resort.

6. *Same; Waiver of Objections.*—Where the corporation appeared by counsel on the motion for the receiver and stated that it would not resist the appointment or take any action whatever, it waived all amendable defect in the bill so far as they might have affected the propriety of an order appointing the receiver, and every objection to the proceeding except that the court had not the jurisdiction to

make the order in the premises; hence, where the bill was not so defective as to be incurable by amendment the appointment of a receiver will be affirmed.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by the First National Bank of Gadsden and others against Cassels' Mills, seeking the appointment of a receiver therefor. From an order appointing the receiver respondent appeals. Affirmed.

CULLI & MARTIN, for appellant. An appeal lies from an order appointing a receiver.—§ 2840, Code 1907. Creditors asking for a receiver must be either judgment or lien creditors.—*Ft. Payne Co. v. Ft. Payne,* 96 Ala. 472; 34 Cyc. 34-5; 5 Thomp. on Corp. 5400, et seq.; High on Receivers, §§ 1 and 406. The president of a corporation has no ex officio authority to consent to the appointment of a receiver.—156 Fed. 979; 37 South. 540. Where no matter of equitable cognizance is presented, a receiver should not be appointed.—*Harwell v. Potts,* 80 Ala. 70; 34 Cyc. 29. A receiver will not be appointed where the party applying therefor has an adequate remedy at law.—*Hayes L. Co. v. Jasper L. Co.,* 147 Ala. 340; *Smith L. Co. v. Teague,* 119 Ala. 385; *Roman v. Woolfolk,* 98 Ala. 219.

O. R. HOOD and W. J. BOYKIN, for appellee. The decree of the chancellor should be affirmed on the following authority.—34 Cyc. 29-33, 76, 95-6; 4 Pom. §§ 1332-5; High on Receivers, §§ 4-19; § 3509, Code 1907; *Smith v. Collins,* 94 Ala. 394; *Jasper L. Co. v. Wallace,* 123 Ala. 652; 103 U. S. 518.

SAYRE, J.—Complainants (appellees) in this cause, at whose instance receivers have been appointed to take charge of defendant's (appellant's) property, are sim-

ple contract creditors of the defendant corporation without a lien. There is no averment of defendant's insolvency, nor is there an unequivocal statement of facts from which a reasonable inference of insolvency may be drawn. Solvency does not depend upon credit. Nor can a debtor, who has sufficient property accessible to legal process to satisfy all legal demands, be said to be insolvent, although he may not have money in hand to meet his liabilities as they mature in due course.— *Smith v. Collins,* 94 Ala. 394, 10 South. 334. Complainants do, indeed, at one place in their bill express a doubt that the value of defendant's property is equal to the amount of its debts; but at another point they state their belief that "the said Cassels Mills are solvent if its property and assets are properly preserved and looked after," and they aver facts that would justify this belief. It must be noted, also, that the bill is not filed on behalf of creditors generally but seeks relief for complainants only. So then, upon these facts, the bill could not be sustained on demurrer as a bill under the statute (section 3509 of the Code), which provides that:

"The assets of insolvent corporations constitute a trust fund for the payment of the creditors of such corporations, which may be marshaled and administered in courts of equity in this state."

The chancery court exercises its unquestioned power in aid of equitable rights by appointing receivers in proper cases. The facts of reasonably clear averment upon which depends the propriety of so proceeding to the relief of complainant in the present case are as follows: Defendant's mill building, constructed of highly inflammable material, and its included machinery, constituting substantially all defendant's property (the land upon which it stands belonging to another), have been abandoned by defendant—by which the bill in-

tends, as the context very plainly shows, that the mill has been closed down and left without proper insurance, care, and protection—and is in constant danger of destruction by fire which may be communicated from locomotive engines passing with great frequency on the tracks of two adjacent railroads.  On these facts complainants sought to have the court assume jurisdiction to the end that their debtor's property might be preserved until a demand, triable by jury and exigible at law, could be reduced to decree and defendant's property appropriated to its satisfaction.

It is the well-settled general rule that the process of receivership is an ancillary remedy in aid of the primary object of litigation which must be of equitable cognizance; and no bill can be maintained for the mere appointment of a receiver apart from some distinct ground of equitable relief.—34 Cyc. 29.  The complainant asking for such process must show that he has a right or interest in or to the subject-matter of the proposed receivership, or that it constitutes a special fund to which he has a right to resort.—*Ft. Payne Furnace Co. v. Ft.-Payne Coal & Iron Co.,* 96 Ala. 472, 11 South. 439, 38 Am. St. Rep. 109; 34 Cyc. 34.  On the ground of his equitable ownership of an interest in the property of an abandoned, defunct, or insolvent corporation a stockholder may maintain his bill to secure his interest, and to that end may have a receivership.  Texts to this effect are cited by appellee.  But prior to the statute quoted above the law of this court was that chancery would not take charge of and administer the assets of a corporation at the suit of its creditors at large on the mere ground of insolvency.—*O'Bear Jewelry Co. v. Volfer,* 106 Ala. 205, 17 South. 525, 28 L. R. A. 707, 54 Am. St. Rep. 31; *Barrett & Co. v. Pollak Co.,* 108 Ala. 390, 18 South. 615 54 Am. St. Rep. 172.  So

in *American Freehold Land Mortgage Co. v. Turner,*
95 Ala. 272, 11 South. 211, cited by appellee, the pur-
chaser at a mortgage foreclosure sale maintained his
bill against an insolvent mortgagor and his tenants in
possession for a receivership to secure his rents and
profits, pending an action of ejectment to recover pos-
session, on the ground of his ownership and the inade-
quacy of his legal remedy. So of the cases generally.
But in *Smith-Dimmick Lumber Co. v. Teague, Barnett,
& Co.,* 119 Ala. 385, 24 South. 4, our predecessors on this
bench said that they were not aware of any case in
which it had been held that the mere "improvidence" of
a debtor afforded a creditor the right to the aid of a
court of equity. And the Supreme Court of the United
States in a case from this state, where a creditor of a
corporation that was in straits and had suspended oper-
ations sought a receivership, held it to be the settled
law of that court, whatever might be held by the state
courts, that simple contract creditors of a corporation,
who have not reduced their claims to judgment, not
having express liens by mortgage, deed of trust, or oth-
erwise, cannot come into a court of equity to obtain a
seizure of the property of their debtor and its applica-
tion to the satisfaction of their claims.—*Hollins v.
Brierfield Coal & Iron Co.,* 150 U. S. 379, 14 Sup. Ct.
127, 37 L. Ed. 1113. This is a sound proposition of law,
and upon it we conclude that the bill, in its present
shape, contains no equity, by which we mean, not that
it is so utterly lacking in appeal to equitable jurisdic-
tion that it can never be cured by amendment, waiver,
or course of proceeding between the parties, but only
that as at present constituted it is so wanting in some
elements of equity necessary to bring complainant's case
within the field where that jurisdiction may be properly
exercised that the court should not have proceeded,

over proper objection taken, to award the relief prayed. The distinction here taken, and its consequences as affecting the jurisdiction of the court, were well stated in *Penny v. British & American Mortgage Co.,* 132 Ala. 357, 31 South. 96, and need not be repeated at this time.—*Smith v. Roney,* 182 Ala. 540, 62 South. 753.

It does not follow, however, that the decree appointing receivers must be reversed and annulled. The facts alleged in the bill were sufficient to challenge the attention of the court, to set the judicial mind in motion, to afford an inference that complainants might on a better bill be entitled to the relief sought, in short to furnish a basis for amendment, and if general demurrer, going to the substance of the bill, had been interposed, complainant must have been given an opportunity to amend before a dismissal of his bill, nor would it have been necessary under our statute that the amended bill should pursue exactly the theory of relief propounded by the bill in its original shape.—Code, §§ 3095, 3121; *Singo v. Brainard,* 173 Ala. 64, 55 South. 603; *McDuffie v. Lynchburg Shoe Co.,* 178 Ala. 268, 59 South. 567. It cannot be said, therefore, that the order appointing receivers was coram non judice.

Now when the motion for a receiver was called defendant appeared by counsel and informed the court that it "would not resist the appointment of a receiver or take any action whatever in the matter." This was a waiver of all amendable defects in the bill so far as those defects may have affected the propriety of an order appointing a receiver—of every objection to the proceeding save only that the court had not jurisdiction to make any order at all in the premises; but, as we have in effect said, the bill was sufficient to invoke the power of the court in the premises. The bill has grave defects, cannot be maintained over defendant's

objection in its present shape; but, if defendant had taken in the court below the objections which it now urges on appeal, it may be assumed either that the bill would have been amended so as to give it equity secundum artem, or that the receivers would not have been appointed, and in view of the course pursued by appellant and the statutory provisions concerning the amendment of bills and the nature of amendments that may be allowed, it may now be assumed that, if demurrer be hereafter interposed, the bill may be so amended as to state a case proper in all respects for equitable interference. If demurrer shall hereafter be interposed, and it shall appear that appellees are unable to amend their bill so as to cure its defects, it will follow, of course, that the receivership should go with the bill. For the purpose of this appeal, however, appellant is bound in this court by its waiver, as well as in the court below.—*Waterworks Co. v. Barret,* 103 U. S. 516, 26 L. Ed. 523. It results that the order appointing receivers will be affirmed, leaving, however, the court below with as free a hand in dealing with the order as if this appeal had not been taken.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED. JJ., concur.