SHORES, Justice.
This is an appeal from a summary judgment granted for some of the defendants and made final pursuant to Rule 54(b), Ala. R.Civ.P., in a case involving the issue of whether a person whose claim is unliqui-dated until after all of the assets of an insolvent corporation are depleted is entitled to a pro rata distribution of the corporate assets. We affirm.
Ken Hilton Ford Sales, Inc., was incorporated in 1976 for the purpose of selling and servicing automobiles. Kenneth Hilton and Ford Motor Company owned all the shares of the corporation until May 31, 1979, when Ford purchased Hilton’s shares. On July 31, 1979, Ken Hilton Ford Sales, Inc., sold substantially all of its assets to Hoover Ford, Inc., and began the process of liquidation by distributing the proceeds to those creditors having liquidated claims against Ken Hilton Ford Sales, Inc., as of July 31, 1979. The assets were sufficient to pay all liquidated claims — both secured and unsecured — as of that date, though nothing was left over to distribute to Ford, the sole stockholder. Liquidation was completed in August 1980. No assets were distributed to any of the present defendants.
In 1977, Roy Cooper had filed an action against Ken Hilton Ford Sales, Inc., for fraud in the sale of a vehicle. The suit remained pending until Cooper obtained a default judgment for $25,000 on December *425 9, 1980. On August 15, 1983, Cooper filed this action against Ken Hilton Ford Sales, Inc., Kenneth Hilton, Ford, and the former officers and directors of Ken Hilton Ford Sales, Inc., seeking to recover the judgment amount and requesting an accounting. After discovery was completed, Cooper and all the defendants except Kenneth Hilton and Geraldine Shields filed motions for summary judgment. The trial court granted summary judgment to those defendants who filed motions, and this appeal of that judgment followed.
Cooper contends that § 10-2-201, Code 1975, applies in this case to create a “trust fund” of the assets of Ken Hilton Ford Sales, Inc., and entitles him to a pro rata share of all the funds that were available to the unsecured creditors. We disagree. Section 10-2-201 reads as follows:
“The assets of insolvent corporations constitute a trust fund for the payment of the creditors of such corporations which may be marshaled and administered in courts having jurisdiction in equitable matters in this state.”
This section was repealed, effective January 1, 1981; Act No. 80-633, section 192, 1980 Ala. Acts. When the statute was in place, its operation was not automatic.
“To invoke the equity jurisdiction of the court under § 10-2-201, a complaint must allege the insolvency of the corporation and ask for the relief of marshaling and administering the assets. Cas-sells Mills v. First National Bank of Gadsden, 187 Ala. 325, 65 So. 820 (1914).”
View-All, Inc. v. United Parcel Service, 435 So.2d 1198, 1202 (Ala.1983). The complaint in this cause was not filed until August 15, 1983, three years after the distribution of the assets of Ken Hilton Ford Sales, Inc., was complete. As the Court noted in Wilkinson v. State ex rel. Morgan, 396 So.2d 86 (Ala.1981):
“ ‘There can be no question that the effect of the repeal of a statute or part thereof is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed. [Emphasis added.]’ ”
396 So.2d at 88, quoting Saad v. Cline, 51 Ala.App. 668, 670, 288 So.2d 731, 732 (Ala.Civ.App.1974).
For many years, this Court has recognized the principle that a failing debtor who is unable to pay all of his debts may choose which creditors to pay, even though the payments may prevent the debtor from paying anything to other creditors. Birmingham Trust & Savings Co. v. Shelton, 231 Ala. 62, 66, 163 So. 593, 596-97 (1935). The same principle applies to an insolvent corporation, but creditors may attack a corporate transaction if the officers or directors fraudulently divert or destroy assets which are subject to the payment of corporate debts. Force v. Age-Herald Co., 136 Ala. 271, 278, 33 So. 866, 868 (1902); Jefferson Pilot Broadcasting Co. v. Hilary & Hogan, Inc., 458 F.Supp. 310 (M.D.Ala.1978), rev’d in part on other grounds, 617 F.2d 133 (5th Cir.1980); View-All, Inc. v. United Parcel Service, supra. Cooper did not allege any fraud in the payment of the creditors of Ken Hilton Ford Sales, Inc., nor did he claim that any of the appel-lees received an impermissible preference over other creditors. It is undisputed that no such fraudulent or impermissible conveyances were made.
The judgment is, therefore, due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.